**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 28, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff‑Appellee,

v.

CARLOS RENE GONZALEZ,

Defendant‑Appellant.

No. 10-2182
(D.C. No. 2:10-CR-01173-JAP)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **TACHA**, and **HOLMES**, Circuit Judges.

After entering into a plea agreement that included an appeal waiver, Carlos Rene Gonzalez pleaded guilty to one count of reentering the United States after being removed, in violation of 8 U.S.C. § 1326. The district court sentenced him to 15 months of imprisonment. When he appealed, the government moved to enforce the waiver. *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir.

---

[*]    This panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

2004) (en banc) (per curiam). Mr. Gonzalez's counsel responded and also moved

to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). We have

attempted, unsuccessfully, to contact Mr. Gonzalez to allow him the opportunity

to respond to his counsel's submission. *See id.* at 744.[1]

We must examine all the proceedings to determine whether it would be

frivolous to oppose the motion to enforce the appeal waiver. *See id.* Under

*Hahn*, we consider: "(1) whether the disputed appeal falls within the scope of the

waiver of appellate rights; (2) whether the defendant knowingly and voluntarily

waived his appellate rights; and (3) whether enforcing the waiver would result in

a miscarriage of justice." 359 F.3d at 1325.

### *1. Scope of the Waiver*

The first step is to consider "whether the disputed appeal falls within the

scope of the waiver of appellate rights." *Id.* Counsel states that Mr. Gonzalez

wishes to raise on appeal the following issues:

> 1) that his trial counsel was ineffective for failing to file a written
> motion or otherwise dispute the effect of a prior conviction on his
> offense level[;] 2) that a prior conviction for a drug offense qualified
> as a "felony drug trafficking offense" for purposes of the twelve
> offense level enhancement of Guideline § 2L1.2 . . .; 3) that he was
> coerced to enter[] the Agreement under duress imposed by the

---

[1] When this case first came up for decision, the Federal Bureau of Prisons's Inmate Locator Internet site indicated that Mr. Gonzalez was in transit. Eventually we ordered counsel to provide an address for Mr. Gonzalez. The government promptly responded, but the court's letters sent to the submitted address were twice returned as undeliverable. As of the date of this decision, the Inmate Locator again identifies Mr. Gonzalez as being in transit.

statutory maximum of twenty years imprisonment for the applicable offense; and 4) that the trial court impermissibly considered arrests for which there was no conviction in determining the sentence.

Aplt. Counseled Resp. at 2. Mr. Gonzalez also filed a pro se notice of appeal alleging that his counsel was ineffective because he "failed to seek a 'good defense' to bring before the Sentencing Court as [h]e had promised at time [h]e persuaded [m]e to accept the Plea Agreement" and he "refuse[d] to object to the contents of the Presentence Probation Report." Record on Appeal, Vol. I at 21. Both the counseled response and the pro se notice of appeal indicate that Mr. Gonzalez wishes to challenge only his sentence, not his conviction.

Mr. Gonzalez's appellate waiver provides:

The Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford a Defendant the right to appeal a conviction and the sentence imposed. Acknowledging that, the Defendant knowingly waives the right to appeal the Defendant's conviction(s) **and any sentence within the advisory guideline range as determined by the Court**. The Defendant specifically agrees not to appeal the Court's resolution of any contested sentencing factor in determining the advisory sentencing guideline range. In other words, the Defendant waives the right to appeal both the Defendant's conviction(s) and the right to appeal **any sentence imposed in conformity with this plea agreement**.

Mot. to Enforce, Plea Agt. at 6 (emphasis in original). This waiver is extremely broad, covering almost every challenge to the conviction or sentence. Thus, the second, third, and fourth issues for appeal clearly fall within the scope of the waiver. Particularly, given the plain language of the waiver that "[t]he Defendant specifically agrees not to appeal the Court's resolution of any contested

-3-

sentencing factor in determining the advisory sentencing guideline range," *id.*, it is frivolous for counsel to suggest that the waiver applies to the "*substantive* reasonableness of the sentence," but not the "*procedural* reasonableness," Aplt. Counseled Resp. at 12.

The remaining issues concern counsel's effectiveness. To the extent that an ineffective-assistance claim addresses something other than counsel's performance with regard to the plea or waiver, it generally falls within the scope of a waiver. *See United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001). But "ineffective assistance of counsel claims challenging the validity of the plea or the waiver" are not waivable. *Id.* Moreover, Mr. Gonzalez's waiver specifically reserves his right to bring a 28 U.S.C. § 2255 motion "on the issue of ineffective assistance of counsel." Mot. to Enforce, Plea Agt. at 6.

In light of *Cockerham* and the reservation of rights in the waiver, it appears that some or all of the ineffective-assistance arguments have not been waived. Questions of ineffective assistance, however, are only rarely heard on direct appeal. Instead, they properly are raised in collateral proceedings under 28 U.S.C. § 2255. *See United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc) ("Ineffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal. Such claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed."). "This rule applies even where a defendant seeks to invalidate an appellate waiver based on

ineffective assistance of counsel." *United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005) (citing *Hahn*, 359 F.3d at 1327 n.13). Because no circumstances in this case justify departing from the general practice of deferring ineffective-assistance claims to § 2255 proceedings, any issues that are not waived cannot properly be argued in this appeal. Under these circumstances, we shall not deny the motion to enforce on the ground that some or all of the ineffective-assistance issues may fall outside the scope of the waiver.

### 2. *Knowing and Voluntary*

The second step is to determine "whether the defendant knowingly and voluntarily waived his appellate rights." *Hahn*, 359 F.3d at 1325. In evaluating whether a waiver was knowing and voluntary, "we examine whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily" and "we look for an adequate Federal Rule of Criminal Procedure 11 colloquy." *Id.*

The plea agreement clearly sets forth the waiver, and it indicates that Mr. Gonzalez entered the agreement knowingly and voluntarily. And just before the signature block, Mr. Gonzalez again acknowledged that he voluntarily signed the agreement.

Before the plea colloquy, the court and the parties reviewed a competency report and concluded that Mr. Gonzalez was competent to stand trial. At the colloquy, the court confirmed that the plea agreement had been read to him in

Spanish, he went over it with his attorney, and he felt he understood it. The court also confirmed that he was pleading guilty of his own free will. But the court did not discuss the appeal waiver, in violation of Fed. R. Crim. P. 11(b)(1)(N).

The court's failure to address the waiver, however, does not necessarily mean that the waiver was not knowing and voluntary and unenforceable. Because Mr. Gonzalez did not object to the omission before the district court, we review only for plain error. *See United States v. Edgar*, 348 F.3d 867, 870-72 (10th Cir. 2003) (applying plain-error review to the defendant's argument that the district court's failure to discuss the appellate waiver during the plea colloquy rendered the waiver unknowing and involuntary). The first two prongs of plain-error review are satisfied, as there is an error that is plain. *See id.* at 871, 872.

To satisfy the third prong of plain-error review, however, Mr. Gonzalez must show that his substantial rights were affected by the error—that is, that "he would not have pleaded guilty if the district court had complied with Rule 11(b)(1)(N)." *Id.* at 872. There is nothing in the record to satisfy this test. As discussed above, the evidence shows that the waiver was clearly set forth in the plea agreement, that Mr. Gonzalez understood the terms of the agreement, and that he entered the agreement and the plea voluntarily. *See id.* (noting similar facts as relevant in determining whether the defendant's substantial rights were affected by the court's failure to comply with Rule 11(b)(1)(N)). Moreover, he mentioned the waiver at the end of his first sentencing hearing, which confirms

that he was aware of it. *See* Mot. to Enforce, June 17, 2010 Sent. Tr. at 23. And even in this appeal, he seeks to challenge only his sentence, not the guilty plea itself. Because Mr. Gonzalez's substantial rights were not affected by the deficient Rule 11 colloquy, the plain-error standard has not been met. We conclude that the waiver was entered into knowingly and voluntarily.[2]

### 3. *Miscarriage of Justice*

The final step in the analysis is to determine "whether enforcing the waiver would result in a miscarriage of justice." *Hahn*, 359 F.3d at 1325. A miscarriage of justice occurs where (1) "the district court relied on an impermissible factor such as race"; (2) "ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid"; (3) "the sentence exceeds the statutory maximum"; or (4) "the waiver is otherwise unlawful." *Id.* at 1327 (quotations omitted).

The only category that appears to be relevant in this case is ineffective assistance of counsel. As discussed above, however, a claim of ineffective assistance generally must be addressed in a collateral § 2255 proceeding, even where a defendant invokes ineffective assistance in an attempt to negate an

---

[2] One of the issues counsel identifies is whether Mr. Gonzalez was coerced into pleading guilty by the prospect of twenty years of incarceration. This argument does not convince us that the appeal waiver was not knowing and voluntary. Pleading guilty in the face of severe punishment does not mean that a plea is coerced or involuntary. *See Osborn v. Shillinger*, 997 F.2d 1324, 1328 (10th Cir. 1993).

appellate waiver. *See Porter*, 405 F.3d at 1144. Of course, the waiver will not preclude Mr. Gonzalez from bringing a § 2255 motion alleging ineffective assistance of counsel. *See Cockerham*, 237 F.3d at 1187; Mot. to Enforce, Plea Agt. at 6 (reserving the right to bring a § 2255 motion "on the issue of ineffective assistance of counsel").

The motion to withdraw as counsel is GRANTED. The motion to enforce the plea agreement is GRANTED and this appeal is DISMISSED

       ENTERED FOR THE COURT
       PER CURIAM